The Honorable Howard E. Futch Representative, District 30 Post Office Box 33198 Indialantic, Florida 32903-0198
Dear Representative Futch:
You ask substantially the following question:
Is the Barefoot Bay Recreation District subject to the sovereign immunity limitations of section 768.28, Florida Statutes?
In sum:
The Barefoot Bay Recreation District is subject to the sovereign immunity limitations of section 768.28, Florida Statutes.
The Barefoot Bay Special Taxing District was created pursuant to Part II, Chapter 418, Florida Statutes, as a mobile home recreation district.[1] Pursuant to section 418.304(3), Florida Statutes, the board of trustees of the district is authorized:
"To acquire, purchase, construct, improve, equip, and maintain streets and lights, recreational facilities, and other common areas of all types, including real property and personal property, within the boundaries of the existing platted mobile home park to be acquired by the district; such acquisition may be by purchase, lease, or gift."
The district may levy and assess a special assessment known as a "recreation district tax" against all improved residential parcels situated within the district for the purpose of providing funds to implement the powers of the district.[2] In addition, the district may "issue bonds or notes to finance, in whole or in part, the cost of construction, acquisition, or improvement of common real property and personal property of the district."[3]
Thus, the Barefoot Bay Recreation District was created pursuant to section 418.30, Florida Statutes, as an independent special district authorized to levy special assessments against the taxable real estate within its boundaries for recreational purposes.
The Florida Constitution states that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."[4] Section768.28, Florida Statutes, provides a limited waiver of immunity for the state "and for its agencies or subdivisions" to the extent provided in the act. Subsection (1) of the statute provides in part:
"Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . ."
The waiver of immunity is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence, regardless of "whether or not the state or its agencies or subdivisions possessed sovereign immunity before July 1, 1974."[5]
"[S]tate agencies or subdivisions" are defined to include, among others, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]"[6] This office has previously stated that special districts created pursuant to law or ordinance fall within the purview of the above definition.[7]
In Eldred v. North Broward Hospital District,[8] the Supreme Court of Florida considered whether a hospital district was a "state agency or subdivision" for purposes of section 768.28, Florida Statutes. Noting that the governmental status of special districts is recognized by law, the court concluded that the hospital district was an "independent establishment of the state" and thus covered by section 768.28, Florida Statutes. In considering section 768.28, Florida Statutes, the Court stated that the statute effectively waived sovereign immunity to the extent provided therein "for all governmental entities."[9]
Thus, because the Barefoot Bay Recreational District, created pursuant to general law as an independent special district, would fall within the term "state agencies or subdivisions" for purposes of section 768.28, Florida Statutes, it would be covered by the terms of that statute.
Accordingly, I am of the opinion that the Barefoot Bay Recreation District is subject to the sovereign immunity limitations of section 768.28, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, 1998-1999 Official List of Special Districts, prepared by the Department of Community Affairs, p. 10, listing the Barefoot Bay Recreation District as an independent special district created pursuant to s. 418.30, Fla. Stat. And see, s.418.30, Fla. Stat., authorizing any municipality or county in the state to create one or more mobile home park recreation districts by ordinance approved by a vote of the electors residing in the proposed district.
[2] Section 418.304(4), Fla. Stat.
[3] Section 418.304(5), Fla. Stat.
[4] Article X, s. 13, Fla. Const. 
[5] See, s. 768.28(5), Fla. Stat.
[6] See, s. 768.28(2), Fla. Stat.
[7] See, e.g., Op. Att'y Gen. Fla. 81-57 (1981) (Southwestern Palm Beach County Hospital District is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28(2), Fla. Stat.); Op. Att'y Gen. Fla. 78-127 (1978) (Tampa Port Authority, created by special act, is within definitional purview and enacting terms of s. 768.28, Fla. Stat.); Op. Att'y Gen. Fla. 78-113 (1978) (East Beach Water Control District, a public corporation, is within the definitional purview of s. 768.28, Fla. Stat.).
[8] 498 So.2d 911 (Fla. 1986).
[9] Id. at 913.